IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23CR535 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL KOVACIC, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR REVOCATION OF |
| | ) | ORDER OF DETENTION |

Now comes the United States of America, by and through counsel, Rebecca C. Lutzko, United States Attorney, and Brian S. Deckert, Assistant United States Attorney, and hereby responds in opposition to Defendant Daniel Kovacic's ("Kovacic" or "the Defendant") Motion for Revocation of Magistrate Judge's Order of Detention. (R. 25: Motion, PageID 98-109). For the following reasons, the government requests that the motion be denied without a hearing.

I. **BACKGROUND AND PROCEDURAL HISTORY**

    a. **Factual Background[1]**

On August 17, 2023, at approximately 4:10 p.m., the Wickliffe, Ohio police department received multiple 911 calls regarding gunshots from residents living in the area of the 1500 block of Ridgewick Drive. Wickliffe police responded and spoke to multiple residents who reported hearing gunshots. One resident stated that he observed a white male exit from 1548 Ridgewick Drive and fire at least three shots into the air and then re-enter the residence. Another resident stated that approximately two weeks earlier, he and Kovacic argued over the volume of

---

[1] The factual background has previously been provided in the Government's detention memorandum and proffered at the detention hearing. (R. 9: Government's Detention Memo, PageID 27- 34; R. 21: Hrg. Trans., PageID 69-71).

Kovacic's music. Kovacic pulled out a pistol, "racked the slide," and pointed it at the neighbor's chest. The neighbor described that a laser attached to the firearm was centered on his chest.

Approximately 20 minutes after police arrived, a woman exited 1548 Ridgewick Drive and the police detained her. The woman informed police that she was the girlfriend of Kovacic and that she left him asleep on the couch. She stated that she had arrived at the residence at approximately 4:00 pm and found Kovacic on the phone with his boss. At that time, Kovacic's speech was slurred and there were open alcoholic beverages near him. She described Kovacic as "agitated" and that he had possibly just lost his job. The woman confirmed that Kovacic used alcohol and steroids and had been suffering from increasing paranoia over the last couple of weeks. She denied hearing any gunshots while inside the residence but did admit to seeing a small green handgun tucked into the couch while she was cleaning approximately two weeks earlier.

While police were speaking to the woman, Kovacic's mother called her phone. The police spoke to Kovacic's mother who stated that Kovacic was undergoing some sort of mental crisis and abusing narcotics. Kovacic's mother stated that on this date Kovacic had sent her several disturbing text messages in which he threatened to kill "the enemies of the white race."[2] Kovacic's father called Wickliffe police and stated that approximately one week earlier, he requested Kovacic take a drug test, which came back positive for cocaine. Police also contacted Kovacic's boss, who stated that he had terminated Kovacic on this date after a client reported

---

[2] While police were executing a search warrant at Kovacic's residence, they observed Nazi memorabilia, and the FBI has identified Kovacic as being connected to at least two white supremacist groups.

2

that the defendant had been intoxicated and unprofessional.  Kovacic's boss provided the text communications with Kovacic to the police.

The Emergency Response Team responded on scene and unsuccessfully attempted to make contact with Kovacic for multiple hours by calling his cell phone and using a PA system.  Residents in the neighborhood were evacuated and the police established a perimeter around Kovacic's residence.  Several hours after the standoff began, officers observed Kovacic in the upstairs window and ordered him to come to the front door; he complied and was taken into custody without incident.  Police obtained a search warrant for the residence and seized a Sig Sauer, Model P238, .380 caliber handgun with laser attachment, serial number 27B206165, loaded with 6 rounds of .380 ammunition with one round in the chamber.  Officers located the firearm tucked into the cushions of the couch in the living room where Kovacic's girlfriend had observed him sitting.  Additionally, police seized a magazine loaded with 7 rounds of 9mm ammunition from inside of a pair of white athletic shorts in the living room, and also found a holster on the armrest of the couch in which the firearm with attachment could fit.  Police located a Sig Sauer firearm box bearing the matching serial number 27B206165 in Kovacic's bedroom, and discovered 32 rounds of 9mm ammunition and 1 round of .380 ammunition scattered in and around the firearm box.  Outside of the residence, officers found two spent .380 caliber shell casings.   Finally, police seized a holster from underneath the bed which would fit the Sig Sauer without the attachment.  Police discovered a safe inside the room but were unable to access it.  No firearm capable of firing 9mm ammunition was recovered from the accessible areas of the residence.

Kovacic has been convicted of two crimes that are punishable by imprisonment for a term exceeding one year: Felonious Assault, a felony of the second degree, on or about May 24, 2010,

in Case Number 09-CR819, in the Lake County Court of Common Pleas; and Assault on a Peace Officer, a felony in the fourth degree, on or about February 4, 2010, in Case Number 09-CR-546, in the Lake County Court of Common Pleas. Kovacic is therefore prohibited from possessing a firearm.

The Sig Sauer was tested for the presence of DNA and compared to a known DNA standard of Kovacic. The Lake County Crime Laboratory discovered a mixture of DNA on the firearm with a minimum of three contributors. Kovacic cannot be excluded as a contributor to the mixture, and it is 64.3 trillion times more likely that Kovacic's DNA is part of the mixture than anyone else.

b. **Procedural History**

On September 20, 2023, an indictment was filed in the Northern District of Ohio, Eastern Division, charging Kovacic with a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition. (R. 1: Indictment, PageID 1-2). Kovacic was arrested and arraigned on September 27, 2023, and the Government moved for detention. The Magistrate Judge conducted a detention hearing on October 4, 2023, during which the Government proffered evidence and argued for detention. During the detention hearing, Kovacic disrupted the proceedings several times and resulted in a heated interaction between Kovacic and defense counsel in open court. (R. 21: Hrg. Trans., PageID 72-73, 83-85). The Magistrate Judge issued an order of detention finding by clear and convincing evidence that there was a serious risk that Kovacic will endanger the safety of another person or the community. (R. 11: Order, PageID 42).

4

## II. ARGUMENT

Kovacic's renewed motion for release on bond should be denied without a hearing. The additional evidence proffered by Kovacic was previously available to him at the time of his initial detention hearing and therefore does not constitute newly discovered evidence or changed circumstances providing a basis for a second or renewed detention hearing. Further, the evidence proffered by Kovacic does not undermine or provide reason for this Court to reconsider the earlier ruling of the Magistrate Judge. As a result, his motion should be denied without a hearing.

The Magistrate Judge previously held a detention hearing and ordered Kovacic detained. In order to reopen that hearing, Kovacic must meet the requirements of 18 U.S.C. § 3142(f)(2)(B), which provides that a detention hearing may be reopened after a decision on detention has been made, but only if new information comes to light that was not previously available:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). The new information "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012). A defendant does not have a right to a second detention hearing; the Court has discretion regarding whether to hold another hearing. The use of the word "may" in Section 3142(f)(2)(B) "indicates discretion on the part of the district court" in deciding whether to reopen a detention hearing. Id., at 601. To justify reopening the hearing, the new or unknown information must

also be sufficiently material. United States v. Sandles, 9 F. App'x 377, 379 (6th Cir. 2001).

To be considered new information justifying the reopening of a detention hearing, the information must not have been available to the defendant at the time of the first hearing. "Courts have interpreted strictly the statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing." United States v. Jerdine, 2009 WL 4906564 at *3 (N.D. Ohio Dec. 18, 2009). For example, in United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991), the First Circuit Court of Appeals held that a defendant was not entitled to have his detention hearing reopened in order to present affidavits from family, a police officer, friends, and former employers when the information was known to the defendant at the time of the prior hearing. And in United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989), the Fifth Circuit Court of Appeals affirmed the district court's decision not to reopen a detention hearing because the testimony of family members and a friend, as well as evidence of defendant's exemplary conduct while detained, was not new information within the meaning of § 3142(f).

Indeed, a defendant "may certainly (and usually will) become aware of new evidence as a result of discovery or investigation, and that evidence will almost certainly bear on at least the 'weight of the evidence' and 'nature of the charge' factors considered during a detention review." United States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 239 (D.P.R. 2009). This kind of evidence is not what is contemplated by the statute to provide a basis for a new detention hearing, however. "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." Jerdine, 2009 WL 4906564 at *3 (citing Rodriguez-Adorno, 606 F. Supp. at 239).

6

In this case, the "new" information submitted by Kovacic consists of a Lake County journal entry, two diplomas, an honor society certificate, employment certificates, and a letter from a member of ta fraternal organization. (R. 25-1-6: Attachments, PageID 110- 115). This additional information proffered by Kovacic does not rise to the level of being newly discovered information within the meaning of 18 U.S.C. § 3142(f)(2)(B) because all of it was either available to the defendant at the time of the first hearing or it is not material. Kovacic was arraigned in the Northern District of Ohio on September 27, 2023, and his detention hearing was held on October 4, 2023, providing him with more than sufficient time to have prepared for his hearing and to have obtained and presented all of the information he now presents as "new." Indeed, Kovacic does not even allege in his recently filed motion that he is presenting any "new" information contrary to the requirements of 18 U.S.C. § 3142(f)(2)(B).

A journal entry from Lake County detailing Kovacic's completion of community control sanctions was readily available at the time of the initial hearing and this information was noted on the pretrial services report. Kovacic's diplomas and honor society certificate were available at the time of the initial hearing and his bachelor's degree was noted on the pretrial services report. Kovacic's certificates of achievement from his previous employer were available at the time of the initial hearing and his employment was noted in the pretrial services report. Further, this information is somewhat undercut by the fact that Kovacic was terminated on the date of this incident due to the fact that he was intoxicated while dealing with customers. Finally, a letter from a member of a fraternal organization dated October 3, 2023, which was the day before the initial hearing, was available.

The additional information provided by Kovacic was all available to him at the time of his initial detention hearing. Further, this information does not change the fundamental facts of

7

his case and situation. Kovacic is charged with being a felon in possession of a firearm and ammunition. Kovacic cannot legally possess a firearm because he has previously been convicted of violent felonies, namely felonious assault and assault of a peace officer, for which he was sentenced to 10 years in prison. Kovacic fired the weapon off during the middle of the day in a residential neighborhood prompting a law enforcement response. Kovacic would not respond to law enforcement attempts to communicate for several hours until he surrendered. Witnesses described Kovacic as becoming increasingly paranoid, abusing controlled substances and alcohol, sending communications containing threats to kill enemies of the white race, and pointing a firearm at and threatening a neighbor.

The Magistrate Judge held a hearing at which Kovacic had a full opportunity to present evidence and testimony in support of his request to be released on bond. After that hearing, the Magistrate Judge ordered Kovacic detained and Kovacic did not appeal that order to this Court. Nothing submitted by Kovacic challenges the factual findings made by the Magistrate Judge's or undermines the prior conclusion that Kovacic should be detained.

**CONCLUSION**

Because Kovacic has not submitted material new information that was not available to him at the time of his prior hearing, his motion should be denied without a hearing.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Brian S. Deckert
       Brian S. Deckert (OH: 0071220)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3873
       (216) 685-2378 (facsimile)
       Brian.Deckert@usdoj.gov