IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-cr-00535 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL KOVACIC, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **REVIEW AND REVOCATION OF THE** |
| Defendant. | ) | **MAGISTRATE JUDGE'S ORDER OF** |
| | ) | **DETENTION** |

Now comes Defendant Daniel Kovacic, by and through his undersigned counsel Marisa L. Serrat, and hereby respectfully objects to the Magistrate Judge's April 9, 2024 Order denying the Defendant's Motion to Revoke Order of Detention. The defense further requests this Honorable Court to conduct a review of the Magistrate Judge's Order and release Mr. Kovacic on bond, with any conditions deemed appropriate by the Court. *See* 18 U.S.C. § 3145(b).

A more thorough explanation of this request is set forth in the attached Memorandum in Support, incorporated herein by reference.

Respectfully Submitted,

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com
Counsel for Defendant

1

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    PROCEDURAL HISTORY.**

On September 20, 2023, Daniel Kovacic was named in a 1-Count Indictment in the Northern District of Ohio, alleging that on August 17, 2023, he allegedly possessed a firearm and ammunition in violation of 18 U.S.C. §922(g)(1) and §924(a)(8). (Indictment, R. 1, PID 1-2). Mr. Kovacic was arrested on September 27, 2023. (Arrest Warrant, R. 12, PID 43). He appeared before Magistrate Judge Jonathan D. Greenberg the same day as his arrest for his arraignment. (Minutes, N.D.E.). Mr. Kovacic was assigned CJA counsel and entered a not guilty plea to the Indictment. *Id*. The government moved for detention and Mr. Kovacic was remanded to the custody of the U.S. Marshal pending a detention hearing. *Id*.

Prior to the detention hearing, the government filed a Pretrial Memorandum in Support of Pretrial Detention. (Gov. Motion, R. 9, PID 27-34). The government also included portions of text messages as an exhibit. (Text Messages, R. 9-1, PID 35-39).

A detention hearing was held on October 4, 2023 before Honorable Magistrate Judge Greenberg. (Det. Trans., R. 21, PID 66). Counsel for the government informed the Court that there was no presumption of detention by statute based upon the charged offense. *Id*. at PID 68. Counsel for the government proffered the pretrial services report, as well as, the government's previously filed memorandum and exhibit. *Id*. at PID 69. The defense did not proffer any facts and indicated it would proceed by way of argument. *Id*. at PID 72-3.

On October 5, 2023, the Court issued the following Order of Detention Pending Trial, stating:

> I find that the testimony and information submitted at the detention hearing establishes by clear and convincing evidence that based upon the nature of the Defendant's arrest for the instant offense; the allegation of a weapon being discharged during the instant

offense; the Defendant's prior arrests and convictions; the Defendant's substance abuse history and alleged use during the instant offense; his mental health history; his conduct in court with his attorney and with the US Marshalls; safety concerns for the community; his violent behavior history; the allegation of his being connected to white supremacist groups; and the Defendant's text messages threatening to kill "the enemies of the white race" that were sent while the police were surrounding his residence; there is no condition or combination of conditions that will reasonably assure the safety of the community.

(Order, R. 11, PID 42). Prior defense counsel did not previously request this Honorable Court to review the Magistrate Judge's pretrial detention order pursuant to 18 U.S.C. § 3145(b).

On November 30, 2023, this Honorable Court granted prior CJA counsel's Motion to withdraw as counsel and undersigned counsel was CJA appointed. (Order, N.D.E.)

On March 15, 2024, through his new CJA counsel, Mr. Kovacic filed a Motion to Revoke Order of Detention. (Motion, R. 25, PID 98-108). Mr. Kovacic requested this Honorable Court reopen his detention proceedings pursuant to 18 U.S.C. § 3142(f)(2) and submitted six (6) exhibits in support of his Motion. *Id*. at PID 110-115. The defense argued that the newly presented facts and arguments showed that there were conditions of release that would reasonably assure the appearance of Mr. Kovacic as required and ensure the safety of any other person and the community. *Id*. at PID 107.

On March 25, 2024, the Government filed its Opposition to Mr. Kovacic's Motion. (Response, R. 27, PID 117-124.) The Government argued that Mr. Kovacic's request should be denied because he has not submitted new or material information that was not available to him at the time of his prior hearing. *Id*. at PID 125. The defense filed a Reply on April 3, 2024, arguing that the newly presented facts correcting the timeline of the text messages supported the defense's argument that Mr. Kovacic was less likely to pose a danger to the community because he was not barricaded inside the residence while police were there and was not engaged in a

standoff with police on August 17, 2023, which was a material fact. (Reply, R. 29, PID 128-130).

This Honorable Court referred the Defendant's Motion to Revoke Order of Detention back to Magistrate Judge Jonathan D. Greenberg for disposition on March 25, 2023. (Order, N.D.E.). On April 9, 2024, Honorable Magistrate Judge Greenberg denied the defense's request, finding that the defense failed to demonstrate that the information presented was new or material. (Order, R. 30, PID 135). The Court further stated that *assuming arguendo* that the text timing evidence was new, the defense failed to demonstrate that the evidence was material to the issue of detention. *Id*. at PID 136.

## II.    LAW.

Pursuant to Fed. Crim. R. 59, a party may serve and file objections to a magistrate's order within fourteen (14) days after being served with a copy of a written order. Defendant Daniel Kovacic objects to the Magistrate Judge's Order and seeks this Honorable Court's review of the Magistrate Judge's Order imposing detention pending trial. *See* 18 U.S.C. § 3145(b).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(1)). When the government contends that no conditions will reasonably assure the safety of the community, it must prove its claims by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

The Court must impose the least restrictive conditions necessary to reasonably assure the person's appearance as required and the community's safety. *See* 18 U.S.C. § 3142(c). The

4

statute lists thirteen specific conditions that the Court may impose, 18 U.S.C. § 3142(c)(1)(B)(i) - (xiii), plus "any other condition that is reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B)(xiv).

Also, in accordance with 18 U.S.C. § 3142(f), the defense respectfully requests this Honorable Court to review the record to determine whether there are any conditions or combinations of conditions of release that would reasonably assure the appearance of Mr. Kovacic at further court proceedings and protect the public. When considering the matter of Detention, the court must consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including — (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). The statute on bail states that even after a Defendant has been ordered detained:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue

> whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

**III. ARGUMENT.**

The Magistrate Court previously relied upon: "text messages threatening to kill 'the enemies of the white race' that were sent while the police were surrounding his residence" to justify pretrial detention of Daniel Kovacic. However, the messages the Court and the government were referring to were sent at: 3:18 PM, 3:20 PM, 3:21 PM, 3:22 PM, and 3:24 PM on August 17, 2023. (Motion, R. 25, PID 102). The 911 calls regarding shots fired in the area did not occur until approximately 4:05 to 4:10 PM on August 17, 2023. There were no messages sent from Mr. Kovacic to his mother at 5:30 PM on August 17, 2023 as previously alleged by the government and relied upon by the Court.

Contrary to the allegations of the government and the findings of the Magistrate Judge, there were no text messages sent from Mr. Kovacic to his mother while police were surrounding his residence, which has a direct material bearing on the issue of whether there are conditions of release that will reasonably assure safety of other person(s) and the community and the nature of the offense.

It is also important to note that there was never an allegation that any shots were fired at an individual, a car, or another residence. This is not a situation of an active shooter or ongoing shooting situation. There were no allegations of gunshot injuries to persons or property. Many of the 911 callers stated that they generally heard anywhere from three (3) to six (6) gunshots. There is only one witness that stated he allegedly saw the gunshot(s). In a contested written statement, the witness alleges that the gun was pointed in the air, not at any person or property.

Once police arrived in the area of the 1500 block of Ridgewick in Wycliff, Ohio, Officers never approached Mr. Kovacic's residence. Not one Officer knocked on the door or approached the residence for hours. There was no evidence that Mr. Kovacic was engaged in a "standoff" with police on August 17, 2023. There was no evidence that Mr. Kovacic was "barricaded" inside the residence while police were there.

At approximately 5:05 PM, a female was observed leaving the residence at 1548 Ridgewick. She was ordered to the ground by police and taken into custody. The female, later identified as Kelly Seibert, confirmed she was in the residence with Daniel Kovacic. She informed the police numerous times that Mr. Kovacic was asleep inside of the residence. She was not able to wake him up. When she left, Ms. Seibert placed a note stating that she was leaving to go to a meeting. Ms. Seibert also informed police that she did not hear any gunfire and did not see Mr. Kovacic with a firearm on August 17, 2023. Ms. Seibert had also never previously seen Mr. Kovacic with a firearm.

Having heard this direct information that Mr. Kovacic was inside the residence sleeping, Officers still never approached the residence. Officers never knocked on the door. Law enforcement did not attempt to contact Mr. Kovacic until text message(s)/phone call(s) were sent from an officer starting at approximately 6:00 PM, approximately two (2) hours after police arrived on scene. All calls and messages from law enforcement during this time went unanswered since Mr. Kovacic was sleeping.

The fact that there was no active communication with Mr. Kovacic while police were outside of his residence further supports Kelly Siebert's statements to police at approximately 5:05 PM that Mr. Kovacic was inside of the residence asleep. Ms. Seibert was the only individual who was directly in contact with Mr. Kovacic on August 17, 2023. She informed

police that she did not hear any gunfire and did not see Mr. Kovacic with a firearm on August 17, 2023. This material information directly conflicts with the previous incorrect assertions that Mr. Kovacic was in fact communicating with anyone while police were surrounding the residence.

At approximately 9:02 PM, after a loudspeaker and spot light(s) were used, Mr. Kovacic woke up and exited the residence. He was taken into custody without incident. The offense charged is felon in possession of a firearm, which is not an offense of violence and does not carry a presumption of detention.

These new facts presented by the defense correcting the timeline of the messages sent supports the defense's argument that Mr. Kovacic is less likely to pose a danger to the community because he was not barricaded inside the residence while police were there and was not engaged in a standoff with police on August 17, 2023. These new facts were not previously known to the defense and were not previously submitted to this Honorable Court. At the time of the detention hearing, the defense did not have any of the relevant discovery material in this case to properly argue the nature and circumstances of the offense. The defense also argued that these incorrect facts regarding the timing of the text messages were material to the previous denial of bond.

The Defense also addressed the other findings on which the Court relied upon when denying his request for bond. The Magistrate Judge in denying the defense's request to Revoke the Magistrate Judge's Order of Detention on April 9, 2024, further stated that aside from the timing of the text messages argued above, the defense did not address the other findings upon which the Court had previously relied, stating in relevant part:

> "Aside from the texts, the Court also found detention was
> warranted based on the following: [T]he nature of the Defendant's

arrest for the instant offense; the allegation of a weapon being discharged during the instant offense; the Defendant's prior arrests and convictions; the Defendant's substance abuse history and alleged use during the instant offense; his mental health history; his conduct in court with his attorney and with the US Marshalls; safety concerns for the community; his violent behavior history; the allegation of his being connected to white supremacist groups… (Doc. No. 11 at 2) Kovacic does not address the other findings upon which the Court relied.

(Order, R. 30, PID 136-7).

However, the defense did address the additional findings of the Court when addressing the history and characteristics of the Defendant in his Motion to Revoke. With regards to the prior arrests and convictions, the defense acknowledged that the Magistrate Court previously noted that Mr. Kovacic had one prior failure to appear from 2009. (Det. Trans., R. 21, PID 76, 82-3). However, when the capias was issued on November 25, 2009 from Cuyahoga County Court of Common Pleas, Mr. Kovacic was actually in custody in the Lake County Court of Common Pleas starting the day prior, on November 24, 2019, as demonstrated by the pretrial services report. Mr. Kovacic's Cuyahoga County capias was issued because he was in custody in another jurisdiction, not for failing to appear in Court. As a result, Mr. Kovacic does not have any history of non-appearance before any court, which is contrary to the previous finding of the Magistrate Court and further supports the defense's request for release. This is an additional material fact that was newly presented for the Court's consideration in the Defendant's Motion to Revoke that was not addressed by the Magistrate Judge.

In addition, prior to the allegations in this case, Mr. Kovacic had not had any serious involvement in the criminal justice system since his prior offenses in 2009 at the age of eighteen (18).[1] None of Mr. Kovacic's prior criminal offenses involved the use or possession of a firearm.

---

[1] Mr. Kovacic does have a prior minor misdemeanor disorderly conduct conviction from April 18, 2023 where a fine and court costs were imposed.

Mr. Kovacic was sentenced to serve ten (10) years imprisonment from the Lake County Court of Common Pleas for felonious assault, drug possession, and assault. On January 23, 2020, the Lake County Court granted Mr. Kovacic's request for Judicial Release and placed him on a term of probation for three (3) years. On February 1, 2023, the Court released Mr. Kovacic from community control sanctions and supervision, and restored to the civil rights of citizenship previously removed under R.C. 2961.01. (Def. Ex. A, R. 25-1, PID 110). As a result, at the time of this offense on August 17, 2023, Mr. Kovacic was not on probation, parole, or on other release for an offense under Federal, State, or local law.

After this offense, Mr. Kovacic was originally charged in State Court and was released on bond with various conditions. While released on bond for approximately a month and a half, Mr. Kovacic was in compliance with the terms and conditions of his release. He also appeared for all Court date(s). The defense argued that the information presented further supports the defense's request for release in this case, because Mr. Kovacic has previously demonstrated that he can remain in compliance with terms of pretrial release.

The defense also addressed the Court's previous findings regarding the Defendant's substance abuse history and mental health history that were not addressed by the Magistrate Court. The government previously argued the substance abuse history and mental health history of Mr. Kovacic supported its request for Detention in this case. (Det. Trans., R. 21, PID 75). If the government and this Honorable Court believe that Mr. Kovacic's substance abuse and/or allegations of drug use during the instant offense is a factor in this case, the defense argued that Mr. Kovacic should be released with the condition that he complies with in-patient or out-patient substance abuse assessment, treatment, and testing. There are conditions of release that can be imposed that assist an individual who has specialized substance abuse and/or mental health

needs. As stated in his pretrial services report, Mr. Kovacic is open to any method of substance abuse treatment required. In addition, if any mental health services are recommended from pretrial services, the defense stated that Mr. Kovacic would agree to participate in any assessment(s) or program(s) requested by pretrial services as a condition of his release.

The Magistrate Judge in its April 9, 2024 Order did not address the defense's presentation of a custodial guardian on behalf of Mr. Kovacic in support of his request for Bond. In the Motion, the defense indicated that Mr. Kovacic's mother is willing to accept custodial responsibility of Daniel Kovacic. As a custodial supervisor, she will agree to:

(a) Supervise the defendant,

(b) Use every effort to assure the defendant's appearance at all court proceedings, and

(c) Notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

This information was not presented at the original detention hearing and is material to the consideration of bond. (Motion, R. 25, PID 107).

Lastly, the defense also presented additional information regarding the personal history and characteristics of the Defendant that were not presented at the Detention Hearing by his previous defense counsel. Undersigned counsel did not represent Mr. Kovacic at his prior hearing and does not have any knowledge as to why this information was not presented on behalf of the Defendant. The defense argues that this relevant information should have been submitted to the Court at his previous detention hearing.

Daniel Kovacic is currently thirty-three (33) years old. Prior to his arrest in this case, Mr. Kovacic had a stable residence for the past three (3) years in Wickliffe, Ohio. He currently has the support of many of his family members, including his parents, sibling(s) and other community members. Mr. Kovacic has a residence to return home to if he were to be released on

bond during the pendency of this case. While serving his previous term of incarceration, Daniel Kovacic obtained his Bachelor's Degree with honors (*Magna Cum Laude, Gamma Alpha Kappa*) on August 22, 2019 from Ashland University. (Def Ex. B, R. 25-2, PID 111). He also achieved membership in the Lambda Pi Eta National Communication Association Honors Society. (Def. Ex. C, R. 25-3, PID 112). Mr. Kovacic had previously obtained his Associates Degree (*Cum Laude, Gamma Alpha Kappa*) on May 4, 2018 from Ashland University. (Def. Ex. D, R. 25-4, PID 113).

The defense also argued that Mr. Kovacic is not a flight risk. He does not have a U.S. passport and has never traveled outside of the United States. Prior to this alleged offense on August 17, 2023, Mr. Kovacic was gainfully employed at the same company for approximately three (3) years as the highest producing sales representative for the 2021 and 2022 season. (Def. Ex. E, R. 25-5, PID 114). In addition, the defense also argued that this Honorable Court could also impose special conditions of release such as GPS monitoring to ensure compliance, which was not previously presented.

The defense also presented new information regarding Mr. Kovacic's strong ties to his community, while acknowledging that this letter did pre-date the prior detention hearing, yet somehow was not previously presented to the Court. In the Spring of 2021, Mr. Kovacic became a member of the Wickliffe Knights of Columbus organization. (Def. Ex. F, R. 25-6, PID 115). "He has been an active member attending meetings, a past officer, volunteers to help with our pancake breakfasts, various fundraisers, family, and community events including Our Lady of Mount Carmel Church festival booth. He also attends Our Lady of Mount Carmel Church services and volunteers at The Fest in August. Dan's help and support gives hope that a younger generation is interested in helping others." *Id*.

The defense argued that the totality of this newly proffered information regarding Mr. Kovacic's history and characteristics should have been considered by this Honorable Court when evaluating Mr. Kovacic's request for Bond in conjunction with the new material facts and arguments presented above.

Based upon the foregoing, the defense has presented new material information and arguments that were not known to the defense or presented to the Court at the time of Mr. Kovacic's initial detention hearing. These newly presented facts and arguments show that there are conditions of release that will reasonably assure the appearance of Mr. Kovacic as required and ensure the safety of any other person and the community.

## IV.    CONCLUSION.

Wherefore, Daniel Kovacic respectfully requests this Honorable Court to review and reverse the Magistrate Judge's Order of Detention and/or the Magistrate Judge's Denial of his Motion to Revoke the Order of Detention and grant him a bond with any conditions deemed appropriate and necessary by the Court.

Respectfully Submitted,

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com
Counsel for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)